UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALEXIS GARRAWAY,                                    Docket No.

                          Plaintiff,               **COMPLAINT**

              -against-
                                                   **Jury Trial Demanded**

NEW DAWN CHARTER HIGH SCHOOL,
DONNA LABATO, in her individual and
official capacities, JANISHA CRAWLEY, in
her individual and official capacities,
BERANDA FELDER, in her individual and
official capacities, JOSE OBREGON, in his
individual and official capacities, STEVE
RAMKISSOON, in his individual and official
capacities, JOHN AND JANE DOES 1-10 and
XYZ CORP. 1-10,

                          Defendants.
-----------------------------------------------------------X

        Plaintiff, Alexis Garraway ("Plaintiff" and/or "Garraway"), by his attorneys the Law

Offices of Rudy A. Dermesropian, LLC, makes the following allegations against defendants New

Dawn Charter High School ("New Dawn"), Donna Labato ("Labato"), in her individual and

official capacities, Janisha Crawley ("Crawley"), in her individual and official capacities, Beranda

Felder ("Felder"), in her individual and official capacities, Jose Obregon ("Obregon"), in his

individual and official capacities, Steve Ramkissoon ("Ramkissoon"), in his individual and official

capacities, John and Jane Does 1-10 and XYZ Corp. 1-10 (collectively referred to as

"Defendants"):

## NATURE OF CASE

        1.      This is a civil action seeking monetary damages based upon Defendants' blatant

violations of Plaintiff's civil rights pursuant to (i) Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e et seq. ("Title VII"); (ii) the Executive Law of the State of New York, New York State Human Rights Law, § 296, *et seq.* ("NYSHRL"); (iii) the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, *et seq*. ("NYCHRL"); (iv) intentional infliction of emotional distress; and (v) any other causes of action that can be inferred from the facts set forth herein.

2.      Plaintiff was subjected to discrimination and harassment on the basis of his gender, which directly interfered with his ability to perform his job and which took the form of a hostile and offensive work environment.

3.      As set forth in more detail below, Defendants repeatedly subjected Plaintiff to unwelcomed sexual harassment, including but not limited to sexually infused and suggestive language, comments and jokes.

4.      Although Plaintiff made multiple complaints of sexual harassment and gender discrimination, this unlawful conduct continued and was allowed to persist throughout Plaintiff's employment with Defendants until his unlawful termination.

5.      Defendants not only failed to address Plaintiff's complaints, but they terminated him in retaliation and under the pretext that he is an employee at will and there is nothing he can do about it.

6.      This action also seeks to recover damaged caused by Defendants' breach of employment contract.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since Plaintiff's state law claims are so closely related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Eastern District of New York, and because the unlawful employment practices were committed in Kings County.

10.      A substantial part of the events or omissions giving rise to the claims occurred in this District.

11.      All conditions precedent to filing suit have been satisfied. On October 15, 2021, Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, New York District Office ("EEOC") [Charge No. 520-2022-00858]. On March 2, 2022, the EEOC issued Plaintiff a Right to Sue Notice. This action was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue. Annexed hereto as Exhibit A, and incorporated in this Complaint by reference, is a copy of Plaintiff's Right to Sue Notice.

12.      All other administrative prerequisites have been met.

## THE PARTIES

13.      At all relevant times herein, Plaintiff was a School Counselor at New Dawn in Kings County, New York.

14.      At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of Title VII and NYSHRL, and a "person" within the meaning of the NYCHRL.

15.     Defendant New Dawn is a charter school the enrolls students who are over-aged and under-credited in grades 9 through 12 and has a primary place of business at 242 Hoyt Street, Brooklyn, NY 11217.

16.     At relevant times herein, New Dawn also had a place of business at 760 DeKalb Avenue, Brooklyn, NY 11216.

17.     New Dawn also has a place of business at 89-25 161st Street, Queens, NY 11432.

18.     Defendant New Dawn is an "employer" within the meaning of Title VII because it has more than 15 employees, and within the meaning of the NYSHRL and the NYCHRL because it has more than 4 persons in its employ.

19.     At all relevant times herein, Defendant Labato was Plaintiff's supervisor and held the titles of Director Supervisor and School Principal.

20.     At all relevant times herein, Defendant Labato was an "employee" of New Dawn within the meaning of Title VII and the NYSHRL, a "person" within the meaning of the NYCHRL, and a person of authority that exercised control over Plaintiff's employment.

21.     At all relevant times herein, Defendant Crawley held the titles of School Counselor and Lead Counselor.

22.     As Lead Counselor, Defendant Crawley exercised supervisory authority over Plaintiff's employment.

23.     At all relevant times herein, Defendant Crawley was an "employee" of New Dawn within the meaning of Title VII and the NYSHRL, a "person" within the meaning of the NYCHRL, and as Lead Counselor exercised control over Plaintiff's employment.

24.     At all relevant times herein, Defendant Felder was a School Counselor.

25.     At all relevant times herein, Defendant Felder was an "employee" of New Dawn within the meaning of Title VII and the NYSHRL, and a "person" within the meaning of the NYCHRL.

26.     At all relevant times herein, Defendant Obregon was Plaintiff's supervisor and held the titles of Director of Office Operations and Director of Supportive Pupil Services.

27.     At all relevant times herein, Defendant Obregon was an "employee" of New Dawn within the meaning of Title VII and the NYSHRL, a "person" within the meaning of the NYCHRL, and a person of authority that exercised control over Plaintiff's employment.

28.     At all relevant times herein, Defendant Ramkissoon was a Human Resources director.

29.     At all relevant times herein, Defendant Ramkissoon was an "employee" of New Dawn within the meaning of Title VII and the NYSHRL, a "person" within the meaning of the NYCHRL, and a person of authority that exercised control over Plaintiff's employment.

30.     Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other Defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff set forth herein.

31.     Each John and Jane Doe defendant was an "employee" within the meaning of Title VII and the NYSHRL, a "person" within the meaning of the NYCHRL, and a person of authority that exercised control over Plaintiff's employment

32.     Each XYZ Corp. defendant is an "employer" within the meaning of Title VII because it has more than 15 employees, and within the meaning of the NYSHRL and NYCHRL because it has more than 4 persons in its employ.

33.     In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the Defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## FACTS

34.     Plaintiff, a male former employee of New Dawn, is a resident of Brooklyn, New York.

35.     Following a series of interviews, Defendant New Dawn offered Plaintiff the position of school Counselor with a 1-year term contract.

36.     On September 23, 2019, Plaintiff Garraway started his employment as Counselor with New Dawn located at 760 DeKalb Avenue, Brooklyn, NY 11216.

37.     Plaintiff's starting yearly salary was $67,000.

38.     At the time he was employed at New Dawn, Plaintiff Garraway was placed in an open work area that he shared with other school Counselors, including Defendants Crawley and Felder.

39.     While employed at New Dawn, Garraway was exposed to routine sexual harassment, conduct and discussions of a sexual nature that made him very uncomfortable, and made it challenging for him to perform his work in such an environment permeated with sexual innuendoes and discussions.

40.     For instance, in October 2019, Defendant Crawley came over to Garraway's side of the room where the female dean, Ms. Mariah Smith, was also situated, and started a conversation about what she sexually wanted in a male partner.

41.     Defendant Crawley started talking and describing penis sizes and stated that the minimum she would accept was a penis "7 inches" long, and that the penis should be "thick" and have "good stiffness" to it.

42.     Felder, who was in the room during that particular conversation, agreed with Crawley and stated in a clear distinct voice, "Yes, baby!"

43.     Ms. Smith, who was present and listening to that conversations, appeared to be taken by surprise by this highly inappropriate conversation at work, but failed and refused to either put an end to it or to reprimand Defendants Crawley or Felder for such comments and behavior.

44.     These types of conversations became part of the daily discussions at work, and Crawley and Felder were obviously encouraged to continue since neither Ms. Smith nor anyone else from or on behalf of New Dawn, which were aware of those discussions, was condoning such behavior or reprimanding Crawley or Felder for it.

45.     In particular, since October 2019 until Plaintiff's termination on September 24, 2021, it was almost on a daily basis that Crawley and Felder openly and loudly discussed and talked about past and present sexual and intimate relationships with men and discussed sexual topics by sharing graphic details about their sexual encounters.

46.     As these issues continued without being addressed by New Dawn, Crawley and Felder even started allowing female students at the school to come into the office and openly discuss their intimate sexual relationships in return for advice from Crawley and Felder, which was highly inappropriate behavior by Defendants.

47.     Based on Plaintiff's observations and upon information and belief, these discussions with female students did not involve a situation of abuse for mandated reporting.

48.     As a result of Crawley's and Felder's highly inappropriate behavior and the sexual harassment that Plaintiff Garraway was subjected to, Plaintiff made a complaint to Director Supervisor, Labato, on November 4, 2019.

49.     In particular, Plaintiff complained that he is being "sexually harassed" by the two female Counselors, Crawley and Felder, who were also having inappropriate conversations with students.

50.     Following Plaintiff's complaints to Labato, she appeared amused by the situation and said that she would "deal with it," and would "get back to [Plaintiff]" about this matter.

51.     However, Defendant Labato never got back to Plaintiff with regard to his complaints of sexual harassment.

52.     Instead, on November 13, 2019, Crawley rushed into the Counselor's Office, closed the door behind her with Plaintiff and Felder in the room, and in a very aggressive, confrontational and angry tone stated to Plaintiff, "why did you go and speak to Ms. Labato about what goes on in our office."

53.     Defendant Crawley then went into the exact details of Plaintiff's complaints to Labato.

54.     It is therefore evident that Labato did not escalate Plaintiff's complaints to the Director of Finance or Human Resources, but instead violated the confidentiality of his complaints and disclosed the details of his complaints to his co-workers.

55.     In response, Plaintiff stayed silent and in complete shock.

56.     Defendant Crawley then proceeded to state that in her conversation with Labato, it was agreed that Mr. Garraway "complained too much."

57.     While the sexual harassment and hostility at work continued, and after it became clear that Garraway is not able to depend on his supervisor to address his complaints, he started getting more and more anxious and started experiencing panic attacks as a result of the harassment and hostility at work.

58.     Following his complaints in November 2019, the sexual harassment that Plaintiff was being subjected to at work did not stop or slow down.

59.     Instead, Defendants' sexual harassment continued from December 2019 until March 2020 when the Covid-19 pandemic was declared.

60.     Starting from on or about March 13, 2020, the school went fully remote and Plaintiff was working from home, which provided him with temporary relief from the daily sexual harassment.

61.     During his employment with New Dawn, Plaintiff's work performance was satisfactory, and on June 15, 2020, while working remotely, he received a positive performance review.

62.     As a result of that Satisfactory Performance Review, Plaintiff was offered a new 1-year contract to continue as a school Counselor, which went into effect on September 1, 2020, and his yearly salary increased to $68,340.

63.     In September 2020, New Dawn employees returned to work in person, but were directed to report to the 242 Hoyt Street, Brooklyn, NY 11217 location.

64.     In or about September 2020, Defendant Labato became School Principal.

65.     Almost immediately after returning to work in person, the sexual harassment and inappropriate conversations that Plaintiff was subjected to continue from October 2020 until Plaintiff's termination on September 24, 2021.

66.     On May 21, 2021, New Dawn announced the availability of a new Lead Counselor position.

67.     Since the sexual harassment continued from October 2020, and since Plaintiff anticipated that either Defendant Crawley or Felder will become Lead Counselor, and therefore will become his immediate supervisor, he met with now School Principal Labato and complained again about the ongoing sexual harassment that restarted after returning from working remotely, and reminded Defendant Labato of his earlier complaints from 2019.

68.     Plaintiff Garraway specifically complained to Labato that he is still experiencing the same issues and harassment he was experiencing in 2019, to which Labato stated that she would "take care of it," which she never did.

69.     However, despite Crawley's inappropriate behavior and her harassing conducting of Plaintiff, on June 7, 2021, she was promoted to Lead Counselor and became Plaintiff's immediate directive to the main supervisor.

70.     During his continued employment with New Dawn, Plaintiff's performance continued to be satisfactory, and on June 8, 2021, he received another positive performance review, as a result of which he was offered a new 1-year contract to continue as a school Counselor, which went into effect on September 1, 2021, and his yearly salary increased to $72,467.20.

71.     In the meantime, on June 1, 2021, Defendant Obregon, who was the Director of Office Operations also became Director of Supportive Pupil Services, which means that

employees' complaints, such as the complaints made by Plaintiff, became part of Obregon's responsibility.

72.     On August 11, 2021, Defendants Obregon, the Director of Office Operations and Director of Supportive Pupil Services, and Ramkissoon from Human Resources called a meeting with Plaintiff to discuss a work-related matter, which was resolved with no complications.

73.     However, while in the meeting, Obregon unexpectedly turned the discussion towards Plaintiff's experience with his female co-workers, which shows that Obregon discussed with Labato, Crawley and/or Felder the complaints of sexual harassment made by Plaintiff Garraway.

74.     In that meeting, Obregon stressed on Plaintiff how he needs to "show more courtesy to female co-workers and work better with them."

75.     In response, Plaintiff immediately raised the same concerns and complaints he made to Labato and the sexual harassment he was being subjected to.

76.     Plaintiff also complained to Obregon about how Labato previously handled his complaints of sexual harassment by failing and refusing to take any remedial action or even to take his complaints serious.

77.     In response, Obregon stated that he wanted to ask Plaintiff a question, which prompted Ramkissoon, from Human Resources, to ask Obregon repeatedly not to ask that question because he knew how inappropriate and improper the question was, and then turned to Plaintiff stating, "You don't have to answer that."

78.     However, Obregon ignored Ramkissoon's clear warnings and proceeded to state to Plaintiff Garraway, "Let me ask you - - don't take this the wrong way. Don't take this the wrong

way. But I got to ask you. Have you ever lived with a significant other? Maybe a woman?" and "We have to be sensitive - - Women have special needs."

79.     To which Ramkissoon, who was in utter shock, stated to Obregon, "I am telling you, you should not have asked that question."

80.     It was thus abundantly clear from that exchange that New Dawn's Human Resources department was not only aware of Plaintiff's complaints of sexual harassment, but witnessed, first hand, the inappropriate and unlawful manner that Plaintiff's supervisors were handling his complaints of sexual harassment.

81.     Plaintiff left the meeting extremely shaken, upset and very unsettled about how his own supervisors, Human Resources, and the school as a whole was handling these serious issues.

82.     It became even more obvious that no corrective action would be taken against the female employees, one of which was now Plaintiff's immediate lead to the supervisor, since Obregon himself was questioning why he was unable and unwilling to listen to and be "sensitive" to women's sexual needs.

83.     On September 24, 2021, approximately 6 weeks following his last complaint of sexual harassment to Obregon, the Director of Office Operations and Director of Supportive Pupil Services, and to Ramkissoon from Human Resources, Plaintiff was called to another meeting with Obregon and Ramkissoon, where Ramkissoon immediately terminated him from his employment as a Counselor without cause, stating that this is an at-will employment and "that's that."

84.     As a direct result of the actions and omissions of Defendants, Plaintiff sustained substantial and great damages including but not limited to damaging his professional reputation, breaching his employment contract, and inflicting upon him severe emotional and psychological distress from which he still suffers and will continue to suffer.

85.     Due to the stress and anxiety caused by Defendants' discriminatory, harassing and retaliatory actions, Plaintiff suffered and continues to suffer from severe emotional distress.

86.     Immediately following Plaintiff's unlawful termination, Defendants replaced him with a female employee, Elizabeth Kipps ("Kipps"), as School Counselor, even though Kipps was not qualified to be a School Counselor since she was not, and still is not, a Certified Counselor in New York State.

87.     Once Defendants replaced Plaintiff with Kipps who was a Guidance Counselor, they searched for someone to fill Kipps position.

88.     On or about September 27, 2021, three days after Plaintiff's unlawful termination, Defendant New Dawn posted a job opening ad on www.indeed.com, and possibly other platforms, searching for a Guidance Counselor in order to replace Plaintiff Garraway.

### FIRST CAUSE OF ACTION
**Sexual Harassment in Violation of Title VII 42 U.S.C. § 2000e, *et seq*.**
**Against Defendant New Dawn**

89.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90.     Defendants discriminated against Plaintiff on the basis of his gender, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sexual harassment of Plaintiff.

91.     As a direct and proximate result of Defendants' discriminatory and sexually harassing conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

92.     As a direct and proximate result of Defendants' unlawful discriminatory and sexually harassing conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

93.     Defendants' unlawful discriminatory and sexually harassing actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### Sexual Harassment in Violation of the NYSHRL § 296, *et seq.*
### Against All Defendants

94.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Defendants discriminated against Plaintiff on the basis of his gender, in violation of NYSHRL §296, *et seq.*, by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sexual harassment of Plaintiff.

96.     As a direct and proximate result of Defendants' discriminatory and sexually harassing conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

97.     As a direct and proximate result of Defendants' unlawful discriminatory and sexually harassing conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to

suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

98.     Defendants' unlawful discriminatory and sexually harassing actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**Sexual Harassment in Violation of the NYCHRL § 8-107, *et seq*.**
**Against All Defendants**

99.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100.     Defendants discriminated against Plaintiff on the basis of his gender, in violation of NYSHRL § 8-107, *et seq*., by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sexual harassment of Plaintiff.

101.     As a direct and proximate result of Defendants' discriminatory and sexually harassing conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which he is entitled to an award of monetary damages and other relief.

102.     As a direct and proximate result of Defendants' unlawful discriminatory and sexually harassing conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

103.     Defendants' unlawful discriminatory and sexually harassing actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**Gender Discrimination in Violation of Title VII 42 U.S.C. § 2000e,** *et seq.*
**Against Defendant New Dawn**

104.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

105.     Defendants violated Title VII 42 U.S.C. §2000e, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's gender was the motivating, if not the only factor.

106.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

107.     Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

108.     As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION
**Gender Discrimination in Violation of the NYSHRL § 296,** *et seq.*
**Against All Defendants**

109.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110.    Defendants violated the NYSHRL §296, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's gender was the motivating, if not the only factor.

111.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

112.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

113.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION
**Gender Discrimination in Violation of Administrative Code § 8-107,** *et seq.*
**Against All Defendants**

114.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

115.    Defendants violated the NYCHRL § 8-107, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory employment practices in which Plaintiff's gender was the motivating, if not the only factor.

116.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

117.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

118.    As a result of the outrageous and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

### SEVENTH CAUSE OF ACTION
**Retaliation in Violation of Title VII 42 U.S.C. § 2000e, *et seq*.**
**Against Defendant New Dawn**

119.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

120.    Defendants violated Title VII 42 U.S.C. §2000e, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

121.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

122.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

123.     As a result of the outrageous and blatantly discriminatory and retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

### EIGHTH CAUSE OF ACTION
**Retaliation in Violation of the NYSHRL § 296, *et seq*.**
**Against All Defendants**

124.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

125.     Defendants violated the NYSHRL §296, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

126.     As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

127.     Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

128.     As a result of the outrageous and blatantly discriminatory and retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## NINTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL § 8-107, *et seq*.
### Against All Defendants

129.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

130.   Defendants violated the NYCHRL § 8-107, *et seq*., by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment he was subjected to by Defendants.

131.   As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

132.   Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

133.   As a result of the outrageous and blatantly discriminatory and retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## TENTH CAUSE OF ACTION
### Hostile Work Environment
### Against All Defendants

134.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

135.   The workplace is permeated with sexual harassment, discriminatory intimidation, unlawful actions, and ridicule based on Plaintiff's gender, as well as with retaliatory conduct, all

of which were sufficiently severe that they altered the conditions of Plaintiff's employment and created an abusive working environment.

136.    As a result of Defendants' aforementioned unlawful conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

137.    As a result of the outrageous and blatantly unlawful conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## ELEVENTH CAUSE OF ACTION
### Breach of Contract

138.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

139.    As fully set forth above, Defendants breached the agreement between Plaintiff and Defendant New Dawn by unlawfully terminating his 1-year term contract.

140.    As a direct and proximate cause of Defendants' breach of their agreement with Plaintiff, Plaintiff suffered damages.

141.    By virtue of the foregoing, Plaintiff has been damaged and is entitled to recover an amount not less than $68,286.40, the exact amount to be determined at trial, attorney's fees, costs, expenses, pre- and post-judgment interest, and any other amounts that this Court deems just and proper.

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

142.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

143.    Defendants by their actions or inactions described above exhibited extreme and outrageous conduct towards Plaintiff.

144.    In undertaking the aforementioned actions or inactions, Defendants intended to cause Plaintiff severe emotional distress.

145.    The aforementioned conduct has caused Plaintiff severe emotional distress and mental anguish.

146.    As a proximate cause of Defendants' unlawful acts, Plaintiff has in the past and will in the future suffer damages.

## DEMAND FOR TRIAL BY JURY

147.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alexis Garraway, respectfully seeks the following relief:

A.    Award Plaintiff full compensation damages under Title VII, 42 U.S.C. §§2000e *et seq.*, the NYSHRL, § 296, *et seq.*, and the NYCHRL, § 8-101, *et seq.*, in an exact amount to be determined at trial;

B.    Award full liquidated and punitive damages as allowed under Title VII, 42 U.S.C. §§2000e *et seq.*, the NYSHRL, § 296, *et seq.*, and the NYCHRL, § 8-101, *et seq.*, in an exact amount to be determined at trial;

C.    Award of damages in an amount to be determined at trial, plus pre- and post-judgment interest, to compensate Plaintiff for all monetary and/or economic damages in connection with his claims;

D.      Declare that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York, the NYSHRL and the NYCHRL;

E.      Award Plaintiff an amount to be determined at trial for lost compensation, back-pay, front pay, bonuses, raises, benefits, emotional distress damages, and additional amounts such as liquidated damages;

F.      Award Plaintiff such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

G.      Award Plaintiff the cost of prosecuting this action and for reasonable attorneys' fees under the aforementioned statutes and 42 U.S.C. § 1988; and

H.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
          March 17, 2022

Respectfully Submitted,

**LAW OFFICE OF RUDY A. DERMESROPIAN, LLC**

By:  ___/s/ Rudy A. Dermesropian_____
          Rudy A. Dermesropian (RD 8117)
          810 Seventh Avenue, Suite 405
          New York, NY 10019
          Telephone: (646) 586-9030
          Fax: (646) 586-9005

          *Attorneys for Plaintiff Alexis Garraway*

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Alexis Garraway**
     **216 Rockaway Avenue Apt. 16-C**
     **Brooklyn, NY 11233**

From:  **New York District Office**
       **33 Whitehall Street, 5th Floor**
       **New York, NY 10004**

| EEOC Charge No.<br>**520-2022-00868** | EEOC Representative<br>**Debra Richards,**<br>**Federal Investigator** | Telephone No.<br>**(929) 506-5307** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

 Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

 The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Debra L. Richards    Digitally signed by Debra L. Richards<br>Date: 2022.03.02 08:47:07 -05'00'   for   03/02/2022

**Judy A. Keenan,**<br>**District Director**

*(Date Mailed)*

cc:  **Sara Richmond**
     **BOND SCHOENECK & KING**
     **10 Bank Street Suite 1120**
     **White Plains, NY 10606**

**Rudy A Dermesropian**
**810 Seventh Avenue Suite 405**
**NYC, NY 10019**